ACCEPTED
03-14-00523-CV
3740835
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/12/2015 6:12:12 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00523-CV

IN THE THIRD COURT OF APPEALS OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/12/2015 6:12:12 PM
JEFFREY D. KYLE
Clerk

**GEORGEINE MIKE KOROMPAY**
Appellant

**DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2005-NC3 ASSET BACKED PASS THROUGH CERTIFICATES**
Appellees

**Appeal from the County Court at Law 1 Travis County, Texas
Trial Court No. C-1-CV-14-003847**

**REPLY BRIEF OF APPELLANT**

David Rogers
Texas Bar No. 24014089
Law Office of David Rogers
1201 Spyglass Suite 100
Austin, TX 78746
Matthew Wilson
Texas Bar No. 24079588
Telephone: (512) 923-1836
Fax: (512) 201-4082

ATTORNEY FOR APPELLANT

**ORAL ARGUMENT NOT REQUESTED**

*i*

No. 03-14-00523-CV

## IN THE THIRD COURT OF APPEALS OF TEXAS

**GEORGEINE MIKE KOROMPAY**
**Appellant**

**DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE**
**FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2005-**
**NC3 ASSET BACKED PASS THROUGH CERTIFICATES**
**Appellees**

**Appeal from the County Court at Law 1 Travis County, Texas**
**Trial Court No.  C-1-CV-14-003847**

## REPLY BRIEF OF APPELLANT

David Rogers
Texas Bar No. 24014089
Law Office of David Rogers
1201 Spyglass Suite 100
Austin, TX 78746
Matthew Wilson
Texas Bar No. 24079588
Telephone: (512) 923-1836
Fax: (512) 201-4082

ATTORNEY FOR APPELLANT

**ORAL ARGUMENT NOT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

## APPELLANT:

Georgeine Mike Korompay

## COUNSEL:

David Rogers
SBN 24014089
Law Office of David Rogers
1201 Spyglass Suite 100
Austin, TX 78746
(512) 923-1836
(512) 201-4082 [Facsimile]
DARogers@aol.com

Matthew Wilson
SBN 24079588
1201 Spyglass Suite 100
Austin, TX 78746
(512) 923-1836
(512) 201-4082 [Facsimile]
MWilson@MatthewWilsonLaw.com

## APPELLEES:

Deutsche Bank National Trust Company as Trustee for Carrington Mortgage Loan Trust, Series 2005-NC3 Asset Backed Pass Through Certificates

## COUNSEL:

Travis H. Gray
SBN 24044965
Jack O'Boyle & Associates
P.O.Box 815369
Dallas, TX 75381
(972) 247-0653
(972) 247-0642 [Facsimile]
Travis@jackoboyle.com

## TABLE OF CONTENTS

Identity of Parties and Counsel……………………………………………..iii

Table of Contents……………………………………………………………...iv

Index of Authorities……………………………………………….....v-viii

Summary of Argument……………………………………………………1

Argument & Authorities…..……………………………………………....2

Prayer………..…………………………………………………...................16

# INDEX OF AUTHORITIES

**FEDERAL CASES**

*Train v. Natural Resources Defense Council, Inc.,* 421 U.S. 60, 87, (1975)..5

*See Commissioner v. South Texas Lumber Co.,* 333 U.S. 496, 501,

92 L. Ed. 831, 68 S. Ct. 695 (1948)…………………………………..……..5


**FEDERAL CIRCUIT APPEALS CASES**

*Nalle v. Commissioner,* 997 F.2d 1134, 1136 (5th Cir. 1993)………………5

*Enron Gas Processing Co. v. United States*, 1996 U.S. Dist. LEXIS 13750

(5th Cir. 1996)…………………………………………………………….…6

*Elgin Nursing And Rehabilitation Center vs. U.S. Department Of*

*Health And Human Services*, 718 F.3d 488, (5th Cir. 2013)…………...……6

*First Nat'l Bank v. Comptroller of Currency,* 697 F.2d 674;

1983 U.S. App. LEXIS 30720……………………………………………………9

*Fidelity & Deposit Co. v. Conner,* 973 F.2d 1236, 1241-42 (5th Cir. 1992)….10


**U.S. SUPREME COURT CASES**

*Chevron, U.S.A., Inc., v. Natural Resources Defense Council. Inc.,*

467 U.S. 837, 842-43, 81 L. Ed. 2d 694, 104 S. Ct. 2778 (1984)………….4

*Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 748; 181 L. Ed. 2d 881,

2012 U.S. LEXIS 906 (2012)……………………………………………………6

*Tafflin* v. *Levitt,* 493 U.S. 455, 458-459, 110 S. Ct. 792,

107 L. Ed. 2d 887 (1990)…………………………………………………..6

*Howlett v. Rose,* 496 U.S. 356, 367, 110 S. Ct. 2430, 110 L.

Ed. 2d 332 (1990)……………………………………………………………7

*Maryland v. Louisiana,* 451 U.S. 725, 746, 101 S. Ct. 2114, 68

L. Ed. 2d 576
(1981)……………………………………………………………………………..7

*Hurd v. Hodge,* 334 U.S. 24; 68 S. Ct. 847; 92 L. Ed. 1187;
1948 U.S. LEXIS 2765…………………………………………………….…8

*W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber,*
461 U.S. 757; 103 S. Ct. 2177; 76 L. Ed. 2d 298; 1983 U.S. LEXIS 42.…9

## TEXAS SUPREME COURT CASES

*Zachry Constr. Corp. v. Port of Houston Auth.,* 2014 Tex.
LEXIS 768 (Tex. 2014)………………………………………………..11

*James v. Fulkrod*, 5 Tex. 512, 520 (1851)…………………………………..12

*Bond v. Terrell Cotton & Woolen Mfg. Co.*, 82 Tex. 309, 313
(Tex. 1891)…………………………………………………………..14

## TEXAS COURTS OF APPEAL

*Jaimes v. Fannie Mae,* 2013 Tex. App. LEXIS 14615
(Tex. App.-Austin December 4, 2013)…………………………………………1

*Falcon v. Ensignia, 976 S.W.2d 336, 338* (Tex.  [*558]
App.-- Corpus Christi 1998, no pet.); *Mitchell, 911 S.W.2d at* 171………..2

*Fandey v. Lee, 880 S.W.2d 164, 169* (Tex. App.--El Paso 1994,
writ denied)……………………………………………………….…2

*Haith v. Drake, 596 S.W.2d 194, 196* (Tex. Civ. App.--Houston
[1st Dist.] 1980, writ ref'd n.r.e.)…………………………………………2

*Dormady v. Dinero Land & Cattle Co., 61 S.W.3d 555, 558-559*
*(Tex. App.--San Antonio 2001, pet. dism'd w.o.j.)*…………………...…2

*First Nat'l Collection Bureau, Inc. v. Walker*, 348 S.W.3d 329, 336
(Tex.App. – Dallas 2011)…………………………………………………..7

*see The Chair King, Inc. v. GTE Mobilnet of Houston, Inc.*, 184 S.W.3d 707, 712 (Tex. 2006)…………………………………………………………8

*In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 129 (Tex. 2004)………11

*Sonny Arnold, Inc. v. Sentry Sav. Ass'n*, 633 S.W.2d 811, 815 (Tex.1982)………………………………………………………………………11

*Curlee v. Walker*, 112 Tex. 40, 244 S.W. 497, 498 (Tex. 1922)……………………………………………………………………………....11

*Miller v. Long-Bell Lumber Co.*, 148 Tex. 160, 222 S.W.2d 244, 246 (Tex. 1949)………………………………………………………………12

*Franklin v. Jackson*, 847 S.W.2d 306, 310 (Tex. App.--El Paso 1992……………………………………………………………………………..12

*TCA Bldg. Co. v. Northwestern Resources Co.,* 922 S.W.2d 629, 636 (Tex.App. – Waco 1996)…………………………………………………...12

*Plaza Nat. Bank v. Monfrey*, 706 S.W.2d 714, 717 (Tex. App.—San Antonio 1986, writ rf'd n.r.e.)……………………………………………………………………….13

*Jack v. State*, 694 S.W.2d 391, 397 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.)……………………………………………………………………….13

*International Aircraft Sales, Inc. v. Betancourt*, 582 S.W.2d 632, 635 (Tex. Civ. App. -- Corpus Christi 1979, writ ref'd n.r.e.)…………………14

*Park v. Coulson*, 139 S.W.2d 667, 668 (Tex. Civ. App. – Amarillo 1940, no writ)……………………………………………………14

*Mayfield v. Troutman*, 613 S.W.2d 339, 344 (Tex. Civ. App. – Tyler 1981, writ ref'd n.r.e.)……………………………………………14

*Peniche v. AeroMexico,* 580 S.W.2d 152, 157 (Tex. Civ. App. -Houston [1st Dist.] 1979, no writ)………………………14

*Continental Fire & Casualty Ins. Corp. v. American Mfg. Co.*,
221 S.W.2d 1006, 1009 (Tex. Civ. App. -Fort Worth 1949, writ ref'd)…..14
*Roberts v. San Jacinto Shipbuilders, Inc*., 198 S.W.2d 488, 492
(Tex. Civ. App. -Galveston 1946, writ ref'd n.r.e.)………………………..14
*Mortgage Elec. Registration Sys. v. Young*, No. 02-08-00088-CV,
2009 Tex. App. LEXIS 3937, 2009 WL 1564994, at *5
(Tex. App.—Fort Worth June 4, 2009, no pet.)…………………….…..…16

**CODES**

26 USC 860G(a)(3)(A)(ii)……………….…………..…………….…………………3
IRS Code 860G(a)(3)(ii)…………………….…………………………………3
13 TEX. JUR.2D CONTRACTS, § 220…………………….…………………….14
Tex. Gov't Code Ann. § 27.031(a)(2)…………………………………………14
Tex. Prop. Code Ann. § 24.004…………………………………………….14

**RULES**

Tex. R. Civ. P. 749 (West 2013, repealed 2013)……………………………...15
Tex. R. Civ. P. 751 (West 2013, repealed 2013)…………….……….……15

**TO THE HONORABLE THIRD COURT OF APPEALS:**

1.       Appellant, Georgeine Korompay, hereby pleads that the honorable Court of Appeals reverse the judgment of the County Court at Law #1 and remand for further proceedings, and in support of this motion she shows the Court:

## SUMMARY OF ARGUMENT

2.       The sole issue in this case is whether a title dispute exists precluding the lower court's jurisdiction. As the trial court properly outlined the issue: "*nemo dat quod non habet . . .* You cannot give what you don't have." RR Vol002, p. 15, lines 12-19.   The trial court, nevertheless, came to the incorrect conclusion in granting possession to a party that did not own the property.[1]   A title dispute exists in this case because the party seeking to foreclose has no ownership interest, actual or by agency.

3.       Appellees the CARRINGTON MORTGAGE LOAN TRUST, SERIES 2005-NC3, are, based on their SEC filing, a *"real estate mortgage investment conduit"* (or *"REMIC"* as defined in the Code.) (RR-Vol 003, p.

---

[1] Ownership is the first of the five elements a plaintiff must prove in a forcible detainer suit. *Jaimes v. Fannie Mae,* 2013 Tex. App. LEXIS 14615 (Tex. App.-Austin December 4, 2013), at 4-5   ("To establish forcible detainer, Fannie Mae had to prove: (1) it was the owner of the property in question, (2) [Defendant] was an occupant at the time of foreclosure, (3) the foreclosure was of a lien superior to [Defendant]'s right to possession, (4) Fannie Mae made a written demand for possession in accordance with section 24.005 of the Property Code, and (5) [Defendant] refused to vacate.")

144) or REMIC trust, created for purposes of enjoying the federal IRS tax benefits such trusts enjoy. The same code provides limits on what constitutes a "qualified mortgage" (a mortgage conveyed into the trust within a 3 month window after the trust "closing date"). The evidence provided to the trial court was sufficient proof to notify the trial court that inclusion of Appellants' property into the REMIC Trust at the time of the purported assignment, outside of the 3 month window, violated federal law. A contract – including a contract for sale or transfer of a note – that violates federal law is void *ab initio*. The state courts are bound to follow federal law and so hold.

4.      Consequently, a title dispute does exist. The justice and county courts below lacked jurisdiction to consider, much less grant, possession.[2] The order of possession must be reversed. This case must be remanded, on jurisdictional grounds, for dismissal by the Travis County Court.

---

[2] "[I]f the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title. *Falcon v. Ensignia, 976 S.W.2d 336, 338* (Tex. [*558] App.-- Corpus Christi 1998, no pet.); *Mitchell, 911 S.W.2d at 171*; *Fandey v. Lee, 880 S.W.2d 164, 169* (Tex. App.--El Paso 1994, writ denied). In such a case involving a genuine issue of title, neither the justice court, nor the county court on appeal, has jurisdiction. *Mitchell, 911 S.W.2d at 171*; *Haith v. Drake, 596 S.W.2d 194, 196* (Tex. Civ. App.--Houston [1st Dist.] 1980, writ ref'd n.r.e.)."
*Dormady v. Dinero Land & Cattle Co., 61 S.W.3d 555, 558-559 (Tex. App.-- San Antonio 2001, pet. dism'd w.o.j.)* (op. on reh'g).

# ARGUMENT & AUTHORITIES

Appellees are a *"real estate mortgage investment conduit" or "REMIC"*

*trust*

5.     At the 736 hearing, Appellants (Defendants) proffered their Exhibit 1

(RR – VOL003, p. 80).[3]  Therein, it states:

## FEDERAL INCOME TAX CONSEQUENCES

In the opinion of Thacher Proffitt & Wood LLP, counsel to the depositor, assuming compliance with the provisions of the pooling and servicing agreement, for federal income tax purposes, each REMIC established under the pooling and servicing agreement will qualify as a REMIC under the Code.

6.     As a REMIC trust, the trust fund is regulated by the U.S. Internal

Revenue Service pursuant to the mandate passed by Congress, 26 USC

860G.  The statute sets forth the requirements for a mortgage to qualify as an

asset of Defendants in a REMIC trust.  26 USC 860G(a)(3)(A)(ii) states, in

pertinent part:

**(a) Definitions**
For purposes of this part—

**(3) Qualified mortgage**
The term "qualified mortgage" means—

(A)     any obligation (including any participation or certificate of beneficial ownership therein) which is principally secured by an interest in real property and which—

---

[3] http://www.secinfo.com/dr66r.z11c.f.htm?Show=All#TOT

**(ii) is purchased by the REMIC within the 3-month period beginning on the startup day** if, except as provided in regulations, such purchase is pursuant to a fixed-price contract in effect on the startup day.

**(Emphasis added).**

7. All REMIC loans must be acquired on the startup day of the REMIC or within 3 months thereafter, according to IRS Code 860G(a)(3)(ii). The Internal Revenue Service has issued an opinion interpreting this provision of the Code. That opinion held:

> **B. Treatment of release of real property lien under section 860G**
> Section 860D(a)(4) of the Code defines a REMIC in pertinent part as an entity substantially all of the assets of which consist of qualified mortgages and permitted investments as of the close of the third month beginning after the startup day and at all times thereafter. Section 860G(a)(3)(A) requires that an obligation be principally secured by an interest in real property to be considered a qualified mortgage. Section 860G(a)(3)(A) also **requires** that **an obligation be transferred to the REMIC on the startup day in exchange for regular or residual interests in the REMIC or be purchased by the REMIC within the 3-month period beginning on the startup day to be considered a qualified mortgage.**
>
> Internal Revenue Service Op. No. 200648023, Release Date: 12/1/2006 Index Number: 860G.03-00, 1001.00-00, William E. Coppersmith Chief, Branch 2 Office of Associate Chief Counsel Financial Institutions & Products.

8. Agency interpretation of laws they are required to execute are to be given deference as to the meaning of a statute. In *Chevron, U.S.A., Inc., v. Natural Resources Defense Council. Inc.,* 467 U.S. 837, 842-43, 81 L. Ed.

2d 694, 104 S. Ct. 2778 (1984), the Supreme Court forged the analytic framework for assessing the validity of an administrative agency's construction of the statute that it is charged with administering.

9. The Court in *Chevron* announced a two-step method of analysis. Initially, a reviewing court must determine "whether Congress has directly spoken to the precise question at issue." To the extent that this court is asked to assess the relevant government agency's construction of a statutory term, two inquiries are immediate: whether Congress has spoken directly to the precise question at hand and, if not, whether the agency's proposed answer to the question is based on a permissible construction of the statute. *See Chevron, id.*

10. If the Congressional intent is clear, the matter ends and the court and the agency must "give effect to the unambiguously expressed intent of Congress". *Chevron,* 467 U.S. at 843. In the absence of such clear intent, or in the face of an ambiguity, the court will assess the administrative interpretation. "Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Chevron,* 467 U.S. at 844 (citing *INS v. Jong Ha Wang,* 450 U.S. 139, (1981); *Train v. Natural Resources Defense Council, Inc.,* 421 U.S. 60, 87, (1975).

11. The proffered agency interpretation will not be "disturbed unless it appears from the statute or its legislative history that the accommodation is not one that Congress would have sanctioned." *Chevron,* 467 U.S. at 845 (citing *United States v. Shimer,* 367 U.S. 374, 382, 383, (1961) (citation omitted)). In that regard, judicial deference is owed to the IRS interpretation of a regulation when it constitutes a "contemporaneous construction" of the statute. *See Commissioner v. South Texas Lumber Co.,* 333 U.S. 496, 501, 92 L. Ed. 831, 68 S. Ct. 695 (1948). 12. In deciding whether a regulation carries out its congressional mandate properly, the court must "look to see whether the regulation harmonizes with the plain language of the statute, its origin, and its purpose." *Nalle v. Commissioner,* 997 F.2d 1134, 1136 (5th Cir. 1993) (quoting *National Muffler Dealers Ass'n v. United States,* 440 U.S. 472, 477, (1979)). *Enron Gas Processing Co. v. United States*, 1996 U.S. Dist. LEXIS 13750 (5th Cir. 1996). *See also Elgin Nursing And Rehabilitation Center vs. U.S. Department Of Health And Human Services*, 718 F.3d 488, (5th Cir. 2013).

13. The provisions of this REMIC trust are not contested. The issue is whether, based on the requirements of 26 USC 860G(a)(3)(ii), Appellants' Note was a 'qualified mortgage' when it was included into the Trust more

than five years after it legally could have been included. As a matter of federal law and undisputed fact, it was not. The Note was not TIMELY assigned to the Trust as required by federal law. The assignment is therefore in violation of federal law.

State Courts Must Enforce Federal Law

14. The trial court, as well as all other state courts, must enforce federal law. The U.S. Supreme Court has recently spoken on this issue. In *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 748; 181 L. Ed. 2d 881, 2012 U.S. LEXIS 906 (2012), the Supreme Court held:

> In cases "arising under" federal law, we note, there is a "deeply rooted presumption in favor of concurrent state court jurisdiction," rebuttable if "Congress affirmatively ousts the state courts of jurisdiction over a particular federal claim." *Tafflin* v. *Levitt*, 493 U.S. 455, 458-459, 110 S. Ct. 792, 107 L. Ed. 2d 887 (1990).

15. State courts are consistent with the federal courts' interpretation of state courts' duty to enforce federal law. In *First Nat'l Collection Bureau, Inc. v. Walker*, 348 S.W.3d 329, 336 (Tex.App. – Dallas 2011), the court held:

> According to the Supremacy Clause of the United States Constitution, "[t]his Constitution, and the Laws of the United States . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any state to the Contrary notwithstanding." U.S. Const. art. VI, cl.2. The United States

Supreme Court has stated **[T]he Constitution and laws passed pursuant to it are as much laws in the State as laws passed by the state legislature. The Supremacy Clause makes those laws "the supreme Law of the Land," and charges state courts with a coordinate responsibility to enforce that law according to their regular modes of procedure**. *Howlett v. Rose*, 496 U.S. 356, 367, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990). **Thus, it is generally true that states may not decline to recognize or enforce federal law.** *Id*. at 371; *see The Chair King, Inc. v. GTE Mobilnet of Houston, Inc*., 184 S.W.3d 707, 712 (Tex. 2006). **Further, "the federal law that states are required to enforce must be applied according to its terms**." *Chair King*, 184 S.W.3d at 712. State laws that conflict with federal law are generally without effect. *Maryland v. Louisiana*, 451 U.S. 725, 746, 101 S. Ct. 2114, 68 L. Ed. 2d 576 (1981). **(Emphasis added)**

16. In this case, Appellees CARRINGTON MORTGAGE LOAN TRUST, SERIES 2005-NC3 claim ownership to Appellants' property and a right to foreclose. As a REMIC trust, ownership interests are circumscribed by federal law. Only "qualified mortgages" can be assets of the Appellees, a REMIC trust. According to Appellants' Exhibit 1 (RR-Vol003, p. 10)[4], the closing date of the trust is listed as June 7, 2005. The trial court acknowledged the fact that the assignment to Appellees was executed in

---

[4] The trial court erred in failing to take judicial notice of Appellees' U.S. Securities and Exchange Commission filing of its prospectus available from the internet. *See* http://www.secinfo.com/dr66r.z11c.f.htm?Show=All#TOT Pursuant to Texas Rule of Evidence 201(d) "a court shall take judicial notice if requested by a party and supplied with the necessary information", Appellants request this honorable Court take judicial notice of the SEC report presented to the trial court.

2010, five years after the closing date of the Trust.[5]  As a matter of federal law, the assignment violates 26 U.S.C. 860G.

Statute Vitiates Assignment to Trust as an Illegal Contract

17.    To the extent that the alleged assignment affects title to the property, the undisputed fact is that the transaction is illegal as a matter of law and public policy.  Public policy vitiates illegal contracts regardless of whether the parties agree to it. Courts cannot enforce contract terms which violate federal law.  The U.S. Supreme Court, in *Hurd v. Hodge,* 334 U.S. 24; 68 S. Ct. 847; 92 L. Ed. 1187; 1948 U.S. LEXIS 2765, held:

> The power of the federal courts to enforce the terms of private agreements is ***at all times exercised subject to the restrictions and limitations of the public policy of the United States*** as manifested in the Constitution, treaties, ***federal statutes***, and ***applicable legal precedents***. Where the enforcement of private agreements would be violative of that policy, it is the obligation of courts to refrain from such exertions of judicial power.

> ***(Emphasis added)***

18.    The U.S. Supreme Court again in *W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber,* 461 U.S. 757; 103 S. Ct. 2177; 76 L. Ed. 2d 298; 1983 U.S. LEXIS 42, the court, citing *Hurd*, held:

---

[5] The assignment indicated that the transfer was effective on the date of the Assignment.  Travis County Public Records # 2010177942.  The Court is hereby requested to take judicial notice of this record in the Travis County Property Records, attached Appendix B.

As with any contract, however, a court may not enforce a collective-bargaining agreement that is contrary to public policy. ***If the contract as interpreted by Barrett violates some explicit public policy, we are <u>obliged to refrain from enforcing it</u>.*** Such a public policy, however, must be well defined and dominant, and is to be ascertained "by reference to the laws and legal precedents and not from general considerations of supposed public interests." ***<u>(Emphasis added)</u>***(Citing *Hurd*; also citing *Muschany v. United States,* 324 U.S. 49, 66 (1945)).

19.     The 5th Circuit has followed the U.S. Supreme Court in weighing the right to contract with the supremacy of public policy and statutory enforcement.   In *First Nat'l Bank v. Comptroller of Currency,* 697 F.2d 674; 1983 U.S. App. LEXIS 30720, it held:

The purpose of 12 U.S.C. § 29 is "to keep the capital of the banks flowing in the daily channels of commerce; to deter them [banks] from embarking in hazardous real-estate speculations; . . . The statute sets forth the four exclusive categories of real property a bank can purchase, hold or convey. . .  If the five-year limitation is applied to property outside the four permissible categories (to property [which the bank is not authorized to hold) the effect would be to allow the bank to hold unauthorized property, which is held under mortgage or was purchased to secure debts due the bank, for five years. Such a construction would clearly be contrary to the intent of Congress. The five-year category was meant to limit the four permissible categories and not to expand them.

*See also Fidelity & Deposit Co. v. Conner,* 973 F.2d 1236, 1241-42 (5th Cir. 1992*)*("Public policy is to be ascertained by reference to the laws and legal precedents . . ."; citing *Muschany*).

20.    In the case at bar, Appellants' evidence proffered to the trial court established that the assignment Appellees rely on violates 26 USC 860G(a)(3)(ii). Defendants do not dispute the fact that the assignment of Plaintiffs' mortgage to the Trust was untimely nor that it violates 26 USC 860G(a)(3)(ii).

21.    Texas courts hold the same position: an illegal transaction is void as a matter of law.  *Zachry Constr. Corp. v. Port of Houston Auth.,* 2014 Tex. LEXIS 768 (Tex. 2014)("As a rule, parties have the right to contract as they see fit *as long as their agreement does not violate the law or public policy*." Enforcing such a provision to allow one party to intentionally injure another with impunity violates the law) (citing *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 129 (Tex. 2004); *Sonny Arnold, Inc. v. Sentry Sav. Ass'n*, 633 S.W.2d 811, 815 (Tex.1982) (recognizing "the parties' right to contract with regard to their property as they see fit, so long as the contract does not offend public policy and is not illegal"); *Curlee v. Walker*, 112 Tex. 40, 244 S.W. 497, 498 (Tex. 1922) ("The law recognizes the right of parties to contract with relation to property as they see fit, provided they do not contravene public policy *and their contracts are not otherwise illegal*."); *James v. Fulkrod*, 5 Tex. 512, 520 (1851) ("*That contracts against public policy are void and will not be carried into effect by courts of justice are*

***principles of law too well established to require the support of authorities.***") (***Emphasis added***).

22. Under Texas law, a contract is illegal, and thus void, if the contract obligates the parties to perform an action that is forbidden by the law of the place where the action is to occur. *Miller v. Long-Bell Lumber Co.*, 148 Tex. 160, 222 S.W.2d 244, 246 (Tex. 1949). Contracts are presumptively legal, so the party challenging the contract carries the burden of proving illegality. *Franklin v. Jackson*, 847 S.W.2d 306, 310 (Tex. App.--El Paso 1992, writ denied).

23. Because the assignment violates federal law, it is illegal. In *TCA Bldg. Co. v. Northwestern Resources Co.,* 922 S.W.2d 629, 636 (Tex.App. – Waco 1996), the court held:

> Illegal contracts, however, are void. *Paragon Oil Syndicate v. Rhoades Drilling Co.,* 115 Tex. 149, 277 S.W. 1036, 1037 (1925); *Texas Life, Accident, Health and Hosp. Serv. Ins. Guar. Ass'n v. Lorena State Bank,* 911 S.W.2d 842, 844 (Tex. App.--Austin 1995, n.w.h.); *Rogers v. Wolfson,* 763 S.W.2d 922, 924 (Tex. App.--Dallas 1989, writ denied); *Ben E. Keith Co. v. Lisle Todd Leasing, Inc.,* 734 S.W.2d 725, 727 (Tex. App.--Dallas 1987, writ ref'd n.r.e.); *Jack,* 694 S.W.2d at 397; *Peniche,* 580 S.W.2d at 157.

24. Appellants are not, nor do they claim, to be parties to the PSA. Whether or not Appellants are a party to the PSA is irrelevant: the

assignment in violation of statute is void on public policy grounds expressed by Congress. This Court is therefore obligated to deny effect to such an illegal and void assignment.

## Assignment is Void and Not Voidable

25. Further, because the window for addition of mortgage assets to Appellees closed three months after it was established, the assignment is not voidable but void. The Texas Supreme court explained the distinction:

> It is true that a distinction is made between the act of a corporation which is merely without authority and one which is illegal. In the one case, it is a question of authority; in the other, of legality. A corporate act becomes illegal when committed in violation of an express statute on a specific subject, or when it is *malum in se* or *malum prohibitum*, or when it is against public policy. *Bond v. Terrell Cotton & Woolen Mfg. Co.*, 82 Tex. 309, 313 (Tex. 1891)

## Void Contracts Cannot Be Ratified

26. Defendants cannot ratify the assignment to comport with federal law after the fact. *See Plaza Nat. Bank v. Monfrey*, 706 S.W.2d 714, 717 (Tex. App.—San Antonio 1986, writ rf'd n.r.e.); *Jack v. State*, 694 S.W.2d 391, 397 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.). In *Monfrey*, the court held:

> ***A demand connected with an illegal act cannot be enforced if plaintiff requires any aid from the illegal***

*transaction to establish his cause of action.* International *Aircraft Sales, Inc. v. Betancourt*, 582 S.W.2d 632, 635 (Tex. Civ. App. -- Corpus Christi 1979, writ ref'd n.r.e.). In this case, the consideration for the notes executed by defendants was the unlawful loan by Bank. ***It was the illegal loan, and not the giving of the promissory notes, which violated the statute.*** With respect to the conduct prohibited by the statute, the date of the promissory notes upon which Bank bases its claim is irrelevant. Since the loan of money was unlawful, it cannot furnish legal consideration and is insufficient to support the promise of defendants to pay. ***Where a prior note is based on an illegal consideration, a note given in renewal of such note cannot be enforced.*** *Park v. Coulson*, 139 S.W.2d 667, 668 (Tex. Civ. App. -- Amarillo 1940, no writ). Defendants did not waive the defense of illegality by executing the renewal notes. ***A contract that is made in violation of a statute cannot be ratified by subsequent conduct of the obligor.*** *Mayfield v. Troutman*, 613 S.W.2d 339, 344 (Tex. Civ. App. -- Tyler 1981, writ ref'd n.r.e.). ***(Emphasis added)***

27. In *Mayfield*, the court held (emphasis added):

    If, upon remand, it is found that appellees were guilty of fraud under § 29C of the Securities Act, ratification may not be raised to justify the making of an illegal contract. A contract which is made in violation of a statute is illegal and **void and therefore not subject to ratification**. *Peniche v. AeroMexico,* 580 S.W.2d 152, 157 (Tex. Civ. App. -Houston [1st Dist.] 1979, no writ); *Continental Fire & Casualty Ins. Corp. v. American Mfg. Co.*, 221 S.W.2d 1006, 1009 (Tex. Civ. App. - Fort Worth 1949, writ ref'd); *Roberts v. San Jacinto Shipbuilders, Inc.*, 198 S.W.2d 488, 492 (Tex. Civ. App. - Galveston 1946, writ ref'd n.r.e.); *see* 13 TEX. JUR.2D CONTRACTS, § 220. ***(Emphasis added)***

28. The assignment to the Trust in this case is void and therefore unenforceable. *See Hurd* ("Where the enforcement of private agreements would be violative of that policy, it is the obligation of courts

to refrain from such exertions of judicial power.")

29.    Since the issue of title is completely intertwined, the trial court lacked jurisdiction. By statute, justice courts do not have jurisdiction over title disputes, and by rule, a justice court may not adjudicate the question of title in a forcible detainer action. Tex. Gov't Code Ann. § 27.031(a)(2) (West Supp. 2013); Tex. Prop. Code Ann. § 24.004 (West Supp. 2013). Accordingly, a justice court has no jurisdiction over a forcible detainer action if the adjudication of the action requires resolution of a title dispute. Tex. Gov't Code Ann. § 27.031(b); *Rice*, 51 S.W.3d at 708.

30.    Because a county court conducting a trial de novo in an appeal from a justice court is limited to the jurisdiction of the justice court, a county court hearing an appeal in a forcible detainer action also has no jurisdiction over the action if it requires resolution of a title dispute. Tex. R. Civ. P. 749 (West 2013, repealed 2013) (stating that an appeal in a forcible detainer action is to the county court); Tex. R. Civ. P. 751 (West 2013, repealed 2013) (providing that the appeal must be tried de novo); *Rice*, 51 S.W.3d at 708-09 (stating that a county court hearing an appeal in a forcible detainer action has no jurisdiction if the justice court had no jurisdiction).

31.    But the mere existence of a title dispute does not deprive the court of

jurisdiction. It is only when the right to immediate possession *necessarily* requires resolution of the title dispute, that is, when the court's decision of which party has a superior right of possession must rest on a determination of title, that the justice court may not adjudicate the forcible detainer action. *Rice*, 51 S.W.3d at 709; *see, e.g., Mortgage Elec. Registration Sys. v. Young*, No. 02-08-00088-CV, 2009 Tex. App. LEXIS 3937, 2009 WL 1564994, at *5 (Tex. App.—Fort Worth June 4, 2009, no pet.) (mem. op.) (finding a title dispute when the evidence showed that the plaintiff in the forcible detainer action had purchased the property but then conveyed it to another party).

## CONCLUSION

The first duty of any court is to determine whether it has jurisdiction. The trial court, due to the disputed title in this case, did not. Appellees were not and are not owners of Appellants property as a matter of federal law, which the trial court, as well as this Court, must enforce. As a result, the assignment was void. To the extent that Appellees' title is in dispute, the trial court lacked jurisdiction to grant possession.

## PRAYER

Appellant Korompay respectfully request that the Court reverse the judgment of the County Court in all things and remand for further action consistent with its opinion.

RESPECTFULLY SUBMITTED,

\_\_*/s/ Matthew Wilson*_____
Matthew L. Wilson
Texas Bar No. 24079588
1201 Spyglass Drive, Suite 100
Austin, TX 78746
mwilson@matthewwilsonlaw.com
(512) 923-1836 [Phone]
(512) 201-4082 [Fax]

\_\_*/s/ David Rogers*_____
DAVID ROGERS
Law Office of David Rogers
State Bar No. 24014089
1201 Spyglass Drive, Suite 100
Austin, TX 78746
(512) 923-1836
(512) 201-4082 (fax)
DARogers@aol.com

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Appellant's Brief was served upon counsel of record for Appellees on this 12th day of January, 2015 via this Court's online filing system.

Travis H. Gray
SBN 24044965
Jack O'Boyle & Associates
P.O. Box 815369
Dallas, TX 75381
(972) 247-0653
(972) 247-0642 [Facsimile]

___/s/ Matthew Wilson_____
Matthew L. Wilson
Texas Bar No. 24079588
1201 Spyglass Drive, Suite 100
Austin, TX 78746
mwilson@matthewwilsonlaw.com
(512) 923-1836 [Phone]
(512) 201-4082 [Fax]

___/s/__David Rogers_____
David Rogers
SBN 24014089
Law Office of David Rogers
1201 Spyglass Suite 100
Austin, TX 78746
(512) 923-1836
(512) 201-4082 [Facsimile]

# CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i), I hereby certify that this document contains 3,296 words.

_/s/ Matthew Wilson_____
Matthew L. Wilson
Texas Bar No. 24079588
1201 Spyglass Drive, Suite 100
Austin, TX 78746
mwilson@matthewwilsonlaw.com
(512) 923-1836 [Phone]
(512) 201-4082 [Fax]

_/s/ David Rogers_____
David Rogers
SBN 24014089
Law Office of David Rogers
1201 Spyglass Suite 100
Austin, TX 78746
(512) 923-1836
(512) 201-4082 [Facsimile]

**No. 03-14-00523-CV**

---

**IN THE THIRD COURT OF APPEALS OF TEXAS**

---

**GEORGEINE MIKE KOROMPAY**
**Appellant**

**DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE**
**FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2005-**
**NC3 ASSET BACKED PASS THROUGH CERTIFICATES**
**Appellees**

---

**Appeal from the County Court at Law 1 Travis County, Texas**

**Trial Court No.  C-1-CV-14-003847**

---

**APPELLANT'S APPENDIX B**

---

ITEM 1      Instrument No. 2010177942      Travis County Public Records

**No. 03-14-00523-CV**

---

# IN THE THIRD COURT OF APPEALS OF TEXAS

---

### GEORGEINE MIKE KOROMPAY
**Appellant**

### DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2005-NC3 ASSET BACKED PASS THROUGH CERTIFICATES
**Appellees**

---

**Appeal from the County Court at Law 1 Travis County, Texas**

**Trial Court No.  C-1-CV-14-003847**

---

### ITEM 1

---

Travis County Public Records

Instrument No. 2010177942

Assignment of Lien

ELECTRONICALLY RECORDED 2010177942
TRV 2 PGS

BLF # 609364
FMC LOAN #: 2115501
MORTGAGOR: Korompay
LOAN TYPE: CONV

## ASSIGNMENT OF LIEN

STATE OF TEXAS :
                                    KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF TRAVIS :

THAT the undersigned, the present legal and equitable owner and holder of the following, to-wit:

That one certain Promissory Note in the original principal balance of $116,800.00, dated May 24, 2005, executed by Larry Korompay Jr and Georgeine Mike Korompay, Husband and Wife, payable to the order of New Century Mortgage Corporation, more fully described in a Deed of Trust of even date therewith, executed by Larry Korompay Jr and Georgeine Mike Korompay, Husband and Wife to Eldon L. Youngblood, Trustee and recorded in the Official Public Records of Real Property of Travis County, Texas; all of the above instruments concerning the following described property, to-wit:

Lot 52, Roberts Terrace a Resubdivision of Lot 51, reserved area and Lots 52, 53, 54, 55 of Block D, according to the Map of Plat thereof, recorded in Volume 7, Page 153, Plat Records, Travis County, Texas.

for a good and valuable consideration paid to the undersigned (the correct legal and equitable owner, holder and beneficiary of said Note and liens), the receipt and sufficiency of which is hereby acknowledged, has TRANSFERRED, ASSIGNED, GRANTED AND CONVEYED, with warranty, but without recourse, and by these presents TRANSFERS, ASSIGNS, GRANTS AND CONVEYS, with warranty, but without recourse, unto Deutsche Bank National Trust Company, as Trustee, for Carrington Mortgage Loan Trust, Series 2005-NC3 Asset Backed Pass-Through Certificates, its successors and assigns, the above described Note, together with all liens, and any superior title, held by the undersigned securing the payment thereof.

EXECUTED on November 10, 2010.

                                    New Century Mortgage Corporation

                                    BY: Carrington Mortgage Services, LLC Attorney-in-Fact
                                    NAME: _____
                                    TITLE: _____

                                    Tom Croft, VP of REO for Carrington Mortgage Services, LLC
                                    under Power of Attorney for New Century Mortgage Corporation

THE STATE OF __CALIFORNIA__ :
COUNTY OF __ORANGE__ :

This instrument was acknowledged before me on November 10, 2010 by __Tom Croft, Sr.__
__VP__ President of New Century Mortgage Corporation, a __Mortgage Servicing__
_____Corporation on behalf of said corporation.

                                    _____
                                    NOTARY PUBLIC

My commission expires: __11/2/2012__      **YESENIA FRANCO**
                                    _____
                                    Notary's Name (printed)

YESENIA FRANCO
COMM. #1821344
Notary Public · California
Los Angeles County
My Comm. Expires Nov. 2, 2012

Return To:
Balcom Law Firm, P.C.
West Memorial Park
8584 Katy Freeway, Suite 303
Houston, Texas 77024

BLF#609364
6307 Peggy Street
Austin, Texas 78723



Unofficial Document

**FILED AND RECORDED**
OFFICIAL PUBLIC RECORDS

DANA DEBEAUVOIR, COUNTY CLERK
TRAVIS COUNTY, TEXAS

November 30 2010 04:36 PM

FEE: $ 20.00 2010177942